J-S50041-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMALL JOHNSON, | : | |
| | : | |
| Appellant. | : | No. 392 WDA 2018 |

Appeal from the Judgment of Sentence, February 2, 2018,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s):  CP-25-CR-0003257-2014.

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:               FILED FEBRUARY 08, 2019

Jermall Johnson appeals, pro se, from a judgment of sentence, following his non-jury convictions of three firearm charges and ten summary violations of the Vehicle Code, entered on February 2, 2018.[1]  We affirm.

On September 14, 2014, Officer Steven Deluca stopped his patrol car at an intersection in Erie.  Also stopped at the intersection, in cross traffic, was Johnson, behind the wheel of another vehicle.  The police officer knew that Johnson had a suspended license based upon the officer's prior interactions

_____

[1] We note that Johnson appeals pro se in this matter.  By order filed on March 29, 2018, this Court remanded this case so that the trial court could conduct a colloquy of Johnson pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).  The trial court held a Grazier hearing on April 24, 2018, and determined that Johnson waived his right to counsel and that this waiver was knowing, intelligent, and voluntary.  The trial court thus granted Johnson's request to proceed pro se.  See Trial Court Opinion, 4/25/18, at 2.

with him. After following Johnson for a few blocks, the officer stopped him for driving with a suspended license, and searched the vehicle. That search uncovered various pieces of evidence against Johnson, including weapons and stolen property.

This matter was originally decided via a jury trial on April 8, 2015, and Johnson successfully appealed. This Court remanded for a new suppression hearing, which occurred on August 16, 2017. The Court of Common Pleas of Erie County again refused to suppress the Commonwealth's evidence. The trial court convicted Johnson a second time and sentenced him to a minimum of 9 ¾ years of imprisonment. This appeal followed.

In his appellate brief, Johnson raises three issues. First, he asks whether Officer Steven Deluca failed to comply with 75 Pa. C.S. § 1543(d), or properly identify him as the driver of the vehicle, prior to pulling him over for driving with a suspended license. See Johnson's Brief at 7. Second, he challenges the sufficiency of the evidence to sustain the Commonwealth's conviction of driving with a suspended license. Id. Third, Johnson claims that the trial judge erred by allowing a witness to testify, whom the Commonwealth did not identify in its discovery packet. Id.

<u>Suppression of the Commonwealth's Evidence</u>

When, as here, police have acted without a warrant, "determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Ornelas v. United States, 517 U.S. 690, 699 (1996). But "a reviewing court should take care both to review findings of historical fact only

for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id.

Because the Commonwealth prevailed at the suppression hearing, we may examine "only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." Commonwealth v. Russo, 934 A.2d 1199, 1203 (Pa. 2007) (internal quotations and citations omitted). As for the subject matter, "our scope of review is limited to the factual findings and legal conclusions of the suppression court." In re L.J., 79 A.3d 1073, 1080 (Pa. 2013). Additionally, "our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing." Commonwealth v. Cruz, 166 A.3d 1249, 1254 (Pa. Super. 2017), appeal denied, 180 A.3d 1207 (Pa. 2018).

Judge Stephanie Domitrovich, who served as the suppression judge in this case, authored an Opinion fully addressing Johnson's claim that Officer Deluca violated his constitutional rights when he stopped Johnson's car, searched it, and seized evidence against him. See Findings of Fact and Conclusions of Law, 12/7/17. The suppression court concluded that Officer Deluca had probable cause to pull Johnson over, because the policeman testified that (1) he knew Deluca's license was under suspension from prior interactions between them and (2) the officer saw Johnson behind the wheel of a vehicle when they were both stopped at a traffic light. After reviewing the evidence from the suppression hearing, we agree with Judge Domitrovich's

- 3 -

conclusions that the officer had probable cause to stop Johnson for driving with a suspended license. We adopt Judge Domitrovich's Opinion in its entirety as our own and determine that Johnson's first appellate issue is without merit.

### Sufficiency of the Commonwealth's Evidence

Next, Johnson seeks to challenge the sufficiency of the Commonwealth's evidence that he was driving with a suspended license.

Before we may reach the merits of that claim, we note that the trial court ordered Johnson to file a Concise Statement of Errors Complained of on Appeal under Pennsylvania Rule of Appellate Procedure 1925(b). That Rule requires appellants to list the issues they seek to appeal, so the trial court can write an opinion explaining its rulings for the appellate court. This facilitates a meaningful appellate review. While Johnson did file a 1925(b) Statement, he did not include a sufficiency-of-the-evidence issue.

"Issues not included in the Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). Because Johnson did not say that he wanted to challenge the sufficiency of the evidence for any of his convictions in his 1925(b) Statement, he has waived his right to appeal that issue on his conviction for driving with a suspended license. Therefore, we dismiss Johnson's second appellate issue as waived.

### Disclosure of the Commonwealth's Witness

Lastly, Johnson argues that Judge William R. Cunningham, who presided over the retrial of this matter, erred when he allowed a Commonwealth

witnesses to testify against Johnson, because that witness was not listed in the discovery packet. Thus, he believes the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963) and Pennsylvania Rule of Criminal Procedure 573.[2]

Whether the trial court has properly interpreted and applied the Rules of Criminal Procedure and the Constitution of the United States under Brady presents the appellate court with pure questions of law. Therefore, "our scope of review is plenary, and we review the lower courts' legal determinations de novo." Commonwealth v. Muniz, 164 A.3d 1189, 1195 (Pa. 2017).

The Supreme Court of Pennsylvania has held:

> [t]o establish a violation under Brady, an appellant must demonstrate: "1) suppression by the prosecution 2) of evidence, whether exculpatory or impeaching, favorable to the [appellant], 3) to the prejudice of the [appellant]." Commonwealth v. Paddy, 569 Pa. 47, 800 A.2d 294, 305 (2002) (citing Strickler v. Greene, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)). The evidence purportedly suppressed must have been material to guilt. Commonwealth v. Gibson, 951 A.2d 1110, 1126 (Pa.2008) (citations omitted). Evidence is material if there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Commonwealth v. Burke, 566 Pa. 402, 781 A.2d 1136, 1141 (2001) (citations omitted).

Commonwealth v. Clark, 961 A.2d 80, 89 (Pa. 2008).

_____

[2] Pennsylvania Rule of Criminal Procedure 573(B) provides a detailed list of things the Commonwealth must disclose to a defendant prior to trial. Johnson does not indicate which portion of this extensive rule he thinks the Commonwealth violated or why.

Judge Cunningham's 1925(a) Opinion fully explained why there was no Brady violation in this case. See Trial Court Opinion, 4/25/18, at 3-5. As he explained, Johnson suffered no prejudice, because the witness in question testified at his original trial. Thus, Johnson knew what testimony that witness would provide at his retrial, and the omission of the witness from the witness list was of no consequence. We agree with Judge Cunningham's analysis and conclusions and we adopt his Opinion on this issue as our own. As such, we conclude that Johnson's third and final appellate issue is without merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/8/2019